IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WILLIAM B. WILKINSON, an individual, and LAUREL D. WILKINSON, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>SUNTRUST BANK, a Georgia banking corporation, and GREENSKY, an unknown business entity or DBA, and John Does ##1-10, inclusive,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR DEFAULT AND DISMISSING UNSERVED DEFENDANTS<br><br><br>Case No. 2:18-CV-256 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' response to the Court's Order to Show Cause. Plaintiffs' response includes a Proof of Service on Defendant SunTrust Bank and a Motion for Entry of Default Judgement. For the reasons set forth below, the Court finds that service of process on SunTrust Bank was inadequate and will deny the Motion for Default. Plaintiffs did not attempt service on any of the remaining Defendants; therefore, they will be dismissed without prejudice.

## I.    BACKGROUND

Plaintiff filed the instant action on March 23, 2018. Plaintiff subsequently failed to serve Defendants within 90 days as required by Fed. R. Civ. P. 4(m). This Court issued an Order to Show Cause on August 1, 2018, directing Plaintiffs to show cause why this action should not be dismissed for failure to serve Defendants. On August 7, 2018, Plaintiff filed a Proof of Service on SunTrust Bank as well as a Motion for Entry of Default. Plaintiff attempted to serve the Summons and Complaint on Defendant SunTrust Bank by Certified Mail delivered to Defendant's place of

1

business. An unidentified employee of SunTrust Bank's signed a certificate indicating receipt of service.

## II. DISCUSSION

### A. SERVICE OF PROCESS ON DEFENDANT SUNTRUST BANK

Fed. R. Civ. P. 4(e)(1) provides that service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

In Utah, service on a corporation may be accomplished by mail or commercial courier service. However, Utah Rules of Civil Procedure, Rule 4(d)(2) requires that either the defendant or the defendant's agent—authorized by appointment or by law to receive service of process—must sign a document indicating receipt. The Utah Rules of Civil Procedure also provide that if no registered agent or officer can be found, then, under Rule 4(d)(1)E, service is proper on the "person in charge" at the corporation's place of business in the state.

Corporation Service Company is Defendant SunTrust Bank's registered agent in Utah. The Utah Division of Corporations and Commercial Code publicly provides this information at Utah.gov.

Plaintiffs attempted to serve the Summons and Complaint on Defendant SunTrust Bank by Certified Mail delivered to Defendant's place of business and marked "Attn. Registered Agent." An unidentified employee of Defendant SunTrust Bank's company illegibly signed a certificate indicating receipt of service. It is not clear to the Court whether the recipient was either an officer or agent of the corporation as required by Rule 4(d)(2). It is also not clear that the recipient is the "person in charge of the place of business." However, receipt of service by the person in charge

2

would still be inadequate under Rule 4(d)(1)(E) because Defendant SunTrust Bank has an identified registered agent in Utah that can properly accept service. Therefore, the Court finds service on SunTrust Bank is inadequate.

B. SERVICE OF PROCESS ON DEFENDANTS GREENSKY, AN UNKNOWN BUSINESS ENTITY OR DBA, AND JOHN DOES ##1-10, INCLUSIVE

In response to the Court's Order to Show Cause, Plaintiff filed Proof of Service on only one defendant—SunTrust Bank. Plaintiff did not show any attempt to serve process on any of the other Defendants; therefore, the remaining Defendants will be dismissed without prejudice.

C. MOTION FOR DEFAULT JUDGEMENT

Because the Court finds that Plaintiffs' service was improper, the Court will deny Plaintiffs' Motion for Default Judgment.

IV. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Default Judgment (Docket No.9) is DENIED. It is further

ORDERED that Defendants GREENSKY, an unknown business entity or DBA, and John Does ##1-10, inclusive, are dismissed without prejudice.

Plaintiff is directed to serve Defendant SunTrust Bank in compliance with Fed. R. Civ. P. 4 within fourteen (14) days of this order. Failure to do so will result in dismissal without further notice.

DATED this 15th day of August, 2018.

BY THE COURT:

_____
Ted Stewart
United States District Judge